UNITED STATES DISTRICT COURT　　　　　　　　For Online Publication Only
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARK A. WORKSMAN

             Appellant,

        v.　　　　　　　　　　　　　　　　　　**ORDER**
　　　　　　　　　　　　　　　　　　　　　　16-CV-2447 (JMA)
CENTURY SPORTS, INC.,

             Appellee.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

    On August 27, 2018, the Court issued an Order that rejected a bankruptcy appeal filed by pro se appellant Mark Worksman and affirmed the Bankruptcy Court's order. On October 1, 2018, Worksman filed a motion seeking reconsideration and oral argument. That motion is denied.

    "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources . . . ." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quotation marks and citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) ). "[On a Local Rule 6.3 motion,] a party may not advance new facts, issues, or arguments, not previously presented to the Court." Goonan v. Fed. Reserve Bank of New York, No. 12-CV-3859, 2013 WL 1386933, at *1 (S.D.N.Y. Apr. 5, 2013) (quoting Polsby v. St. Martin's Press, No. 97–CV–690, 2000 WL 98057, at * 1 (S.D.N.Y. Jan. 18, 2000)). "Ultimately, the decision as to whether to grant a motion for reconsideration rests within the sound discretion of the district court." Callari, 988 F. Supp. 2d at 287.

The Court has considered all of Worksman's arguments and finds that none of them warrant reconsideration. Accordingly, Worksman's motion for reconsideration and request for oral argument are denied.

Although nothing herein should be construed to prohibit Worksman from filing an appeal, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and thus, should Worksman seek leave to appeal *in forma pauperis*, such status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Order to Worksman.

**SO ORDERED.**

Dated: September 30, 2019
Central Islip, New York

        /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE